UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JASON L. MAGGARD,<br>    Plaintiff,<br><br>V.<br><br>COMMISSIONER OF SSA,<br>    Defendant. | CIVIL ACTION NO. 7:23-cv-00058-KKC<br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 10, 11.) Plaintiff Jason Maggard brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the denial of his claim for disability insurance. The Court, having reviewed the record, will grant Maggard's motion (DE 10 and 11) and grant the Acting Commissioner's motion (DE 13).

## I.  Analysis

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*: If the claimant is doing substantial gainful activity, the claimant is not disabled.

1

*Step 2*:  If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3*:  If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4*:  If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5*:  If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step."  § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Se*c. 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); see also § 404.1520(g)(1).

In denying Maggard's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act.  § 404.1520(a); see, e.g., *Walters v. Comm'r of Soc. S*ec., 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Maggard has not engaged in substantial gainful activity since February 26, 2021. (Administrative Record ("AR") at 21.)

At step two, the ALJ determined that Maggard suffers from the medically determinable severe impairment of degenerative disc disease, anxiety, and atrioventricular conduction disease. *Id.* The ALJ also found that Maggard's impairments of tinnitus, nystagmus, essential hypertension, hyperlipidemia, sleep apnea, and sick sinus syndrome did not more than minimally impact his ability to work. *Id.*

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. *Id.*

At step four, the ALJ assessed Maggard's residual functioning capacity ("RFC"). *Id.* at 22-27. In making this assessment, the ALJ evaluated each of Maggard's physical impairments and the extent to which his symptoms could be accepted as consistent with the objective medical evidence. *Id*. The ALJ concluded that Maggard still had the capacity to perform light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b), except that he can sit for 6 hours in an 8-hour workday with normal breaks and stand or walk for 4 hours in an 8-hour workday, but for no more than 30 minutes at a time. *Id*. He can never climb ladder, ropes, or scaffolds; occasionally climb ramps and stairs, kneel, crouch, and crawl, and frequently stop and balance with the use of a cane. *Id.* He can frequently understand remember or follow simple instructions; have frequent interaction with supervisors, coworkers, and the public; frequently perform work requiring a specific production rate such as an assembly line work with quotas; and occasionally tolerate changes in the work setting. *Id.* This finding resulted in the ruling that Maggard is not disabled under the Social Security Act. *Id*. at 24.

The ALJ's decision became the final decision of the Acting Commissioner when the Appeals Council subsequently denied Maggard's request for review. *See* 20 C.F.R. § 422.210(a). Maggard therefore has exhausted his administrative remedies and filed an appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

Maggard argues that the ALJ committed reversible error by not giving proper weight to the medical evidence when assessing Maggard's residual functioning capacity. (DE 11 at 5-7.)

## II.     Standard

Review by the Court is limited to determining whether the findings set forth in the final decision of the ALJ are supported by "substantial evidence." 42 U.S.C. § 405(g). "'Substantial evidence means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (citations omitted). In determining this question, the Court must examine the evidence in the record "taken as a whole." *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). If it is supported by substantial evidence, the ALJ's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).

**A. The ALJ's decision is supported by substantial evidence.**

On appeal, Maggard argues that the ALJ's determination of Maggard's RFC is unsupported by the substantial evidence in the record. (DE 11 at 5.) Maggard points to various opinions of medical sources who identified greater physical and mental limitations than what the ALJ ultimately determined his RFC to be.

The RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946(c). The ALJ makes this

4

finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a), 416.946(c). Thus, in making the RFC finding the ALJ must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 416.920c, 416.929(a). While opinions from treating and examining sources are considered on the issue of RFC, the ALJ is responsible for making that determination. 20 C.F.R. § 416.920c(a).

In evaluating medical opinions and prior administrative medical findings, the ALJ is only required to explain how he considered supportability and consistency. *See* 20 C.F.R. § 416.920c(b)(2). Supportability refers to how much a medical opinion or finding is supported by relevant, objective medical evidence and supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency refers to how consistent a medical opinion or prior administrative finding is with evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. § 416.920c(c)(2).

Here, the ALJ found that Maggard can perform light work as defined by 20 C.F.R. 404.1567(b) with some exceptions. In making this finding, the ALJ considered all symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence. *Id.* Maggard points to four medical opinions that may have supported a different RFC finding: the opinions of Dr. Deidre Parsley, Dr. Fredie Helbert, Nurse Anita McCullen, and Dr. Matthew Breeding.

When assessing Dr. Parsley's opinion, the ALJ stated the following:

> The undersigned finds the consultative examination by Dr. Deidre Parsley not fully persuasive. Dr. Parsley noted that the claimant's ability to do activities such as sitting, bending, stooping, standing, lifting, walking, and squatting may be impaired and supported it with their reference to the exam findings. However, this opinion is vague and does not provide specific limitations on the activities to describe how much the claimant would be able to function (Exhibit 10F).

5

(DE 7-4 at 26.) Thus, the opinion lacked the specificity required for the ALJ to determine "the most [Plaintiff] can still do despite [Plaintiff's] limitations." 20 C.F.R. § 404.1545(a)(1).

The ALJ also considered Dr. Helbert's opinion, but ultimately found it unpersuasive as well. (*Id.* at 27.) Dr. Helbert's opined that because of Maggard's vertigo he could not kneel, crouch, or crawl. (*Id.*) The ALJ, however, found this illogical because these activities are already conducted on the ground. (*Id.*) He further found that parts of Dr. Helbert's opinion were unsupported by documentation and inconsistent with treatment notes. (*Id.*)

Similarly, the ALJ assessed Anita McCullen's opinion and found that it was inconsistent with her own treatment notes and not supported by medical or clinical findings but rather Maggard's subjective allegations. (*Id.* at 26-27.)

Finally, the ALJ found Dr. Breeding's opinion that Maggard was permanently and fully disabled unpersuasive because this is a determination reserved for the ALJ to make. (*Id.* at 28.) He considered Dr. Breeding's opinion that Maggard could never climb, stoop, kneel, balance, crouch or crawl unpersuasive because vertigo and dizziness should not affect kneeling, crouching, or crawling since those activities are performed on the ground. (*Id.*) Further, the ALJ noted that Dr. Breeding's treatment notes showed generally normal findings for Maggard except for abdominal pain, thus he found them inconsistent with Dr. Breeding's ultimate opinion. (*Id.*)

When reviewing the ALJ's opinion, "[a]s long as substantial evidence supports the ALJ's decision, the Court must defer to it, even if there is substantial evidence in the record that would have supported an opposition conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). It is not the Court's place to re-evaluate the findings of the ALJ. *Id.* Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed applicable law. *Id.*

In making the RFC finding, the ALJ analyzed the medical evidence in the record, including all medical opinions. The ALJ considered the medical opinions of Dr. Parsley, Dr. Helbert, Anita McCullen, and Dr. Breeding and discussed the opinions' supportability and consistency. The ALJ ultimately found these opinions unpersuasive because of other objective evidence in the record. Accordingly, the ALJ's opinion is supported by substantial evidence and comports with applicable law.

### III. Conclusion

For all these reasons, the Court **HEREBY ORDERS** that:

1. The plaintiff's motion for summary judgment (DE 10 and 11) is DENIED;
2. The defendant's motion for summary judgment (DE 13) is GRANTED;
3. A judgment will be entered contemporaneously with this order.

This 22nd day of July, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY